

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Michelle Holman Kerin
Assistant U.S. Attorney
Michelle.Kerin@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 10, 2018

**VIA EMAIL**
David T. McDonald
David T. McDonald, P.C.
833 SW 11th Avenue
Suite 625
Portland, OR 97205

Re:     *United States v. Nathan Wheeler*
         Plea Agreement Letter

Dear Counsel:

1.      **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and Defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**: Defendant agrees to plead guilty to Counts One and Two of the Information Count One charges Wire Fraud in violation of Title 18, United States Code, Section 1343. Count Two charges Attempt to Evade or Defeat Tax in violation of Title 26, United States Code, Section 7201. Defendant agrees to waive his right of presentation of these charges to the grand jury. Defendant will execute and submit all appropriate pleadings to the court memorializing his waiver of this right.

3.      **Penalties**: The maximum sentence for Count 1, Wire Fraud, is 20 years' imprisonment, a fine of up to $ 250,000, three (3) years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2, Attempt to Evade or Defeat Tax, is five (5) years of imprisonment, a fine of $250,000 or not greater than twice the gross gain or loss, three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay a $200 fee assessment by the time of entry of guilty plea or explain to the court why it cannot be done.

4.      **No Prosecution**: The USAO further agrees not to bring additional charges against Defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

David McDonald
Re: Nathan Wheeler Plea Letter
Page 2
April 10, 2018

5.    **Elements and Factual Basis:**    The parties agree that in order for the Defendant to be found guilty the government must prove the following elements beyond a reasonable doubt:

   a.    **Count 1, Wire Fraud:**

   (1) During the time period alleged in the Information, the Defendant knowingly devised a material scheme or plan to obtain money or property by false promises, pretenses, representations, or omissions of material fact;

   (2) the Defendant knew the promises, pretenses, representations, or omissions of material fact were false or misleading;

   (3) the promises, pretenses, representations, or omissions were material in that they would reasonably influence a person to part with money or property;

   (4) the Defendant acted with intent to defraud; and

   (5) the Defendant used or caused the use of interstate wire communication to carry out or attempt to carry out the material scheme to defraud.

Defendant admits the elements of the offenses alleged in Count One of the Information and that the government could prove the following beyond a reasonable doubt at trial:

Defendant was a Certified Public Account (CPA) in the State of Oregon. He and others operated Bridge City Advisors, LLC (Bridge City) in the District of Oregon. Bridge City offered accounting, investment and legal services to clients. Defendant was a member of Bridge City.

Defendant and others also held medical marijuana licenses issued by the State of Oregon to grow and distribute marijuana for a specific number of patients living in Oregon, as prescribed by a licensed physician or medical provider. It was part of the scheme to defraud that Defendant used Bridge City client and investor funds, without their knowledge or consent and as more fully described below, to build and expand his medical marijuana operations.

It was part of the scheme that Defendant and others solicited money for various investments from clients of Bridge City and others. Defendant further promised investors that their money would be used for specific purposes, including to develop real estate projects. As inducement for the investment, Defendant promised clients and investors a return of the investment plus a specific interest rate on the investment, and, in some instances, interest payments over the term of the investment and that the client/investor would obtain a first priority security interest in real property. In fact, the clients'/investors' money was not used as promised and instead went to build Defendant's marijuana grow operations, to pay other clients/investors to whom the Defendant owed money, or for Defendant's direct personal benefit. Bridge City clients and other investors were not provided with a perfected, first-priority, security interest as promised.

David McDonald
Re: Nathan Wheeler Plea Letter
Page 3
April 10, 2018

From 2011 through 2014 Defendant diverted client funds without client permission and/or outside of his legal authority to do so. Defendant used the funds to continue to build the marijuana grow operations, to pay other clients/investors to whom Defendant owed money, or for his direct personal benefit. Defendant thereafter, provided false statements of account, fail to provide account statements, prepared false documents or provided false information to clients about the use of the funds in order to continue to have access to client funds and to inhibit clients from discovering his unauthorized diversions.

On or about April 10, 2014, Defendant, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly cause to be transmitted in interstate commerce he following transfer via wire:

| From | To | Description of Wire |
|------|-----|--------------------|
| Oregon | Washington | Wire Transfer of $486,000 from B.H. to CW Holdings (an entity controlled by Defendant) |

Defendant did not use the wired funds as he promised to the investors.

b.      **Count 2, Attempt to Evade or Defeat Income Tax:**

(1) Income tax was due and owing from the Defendant in addition to that declared in his 2012 income tax return;

(2) the Defendant took an affirmative attempt, in any manner, to evade or defeat and income tax; and

(3) the Defendant willfully attempted to evade and defeat the tax.

Defendant admits the elements of the offenses alleged in Count Two of the Information and that the government could prove the following beyond a reasonable doubt at trial:

On approximately October 15, 2013, Defendant, a licensed CPA operating in the District of Oregon, filed an Internal Revenue Services Form 1040 personal tax return for the tax year 2012. Defendant knowingly and willfully prepared or caused to be prepared, and signed, a false and fraudulent tax return, because he knew his taxable income for the calendar year 2012 was greater than the amount reported on the tax return. Defendant listed negative $214,184 as his taxable income for the tax year 2012. This was false. Defendant had received and failed to report more than $680,000 in income from other sources, primarily, the scheme to defraud outlined in Count One. As a result, there was additional tax due and owing to the United States of America.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

David McDonald
Re: Nathan Wheeler Plea Letter
Page 4
April 10, 2018

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.     **Relevant Conduct**: The government believes the Defendant's advisory guideline calculation is as follows:

Base Offense Level [U.S.S.G. § 2B1.1(a)(1)] ............................................................7
Loss of Between $3,500,000 and $9,500,000 [U.S.S.G. § 2B1.1(b)(1)(J)] .............18
Sophisticated Means [U.S.S.G. § 2B1.1(b)(10)(C)]................................................2
Resulted in substantial financial hardship to victim [U.S.S.G. § 2B1.1(b)(2)(A)]....2
Abuse of Trust [U.S.S.G. § 3B1.3]..........................................................................2
Multiple Offense Adjustment [U.S.S.G. § 3D1.4)]...................................................1
**Offense Level** ..................................................... ...........................................**32**

Defendant may take any position regarding the Defendant's advisory guideline calculation.

8.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If Defendant does so, the USAO will recommend a three-level reduction in Defendant's offense level (two levels if Defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if Defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.     **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as Defendant demonstrates an acceptance of responsibility as explained above. Defendant may argue for any sentence.

10.     **Additional Departures, Adjustments, or Variances**:

a.     The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

b.     Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18

David McDonald
Re: Nathan Wheeler Plea Letter
Page 5
April 10, 2018

U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Should Defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of Defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to Defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**: If Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but Defendant may not withdraw any guilty plea.

If Defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If Defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Restitution:** Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant. Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant also authorizes the U.S.

David McDonald
Re: Nathan Wheeler Plea Letter
Page 6
April 10, 2018

Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the U.S. Attorney's office, on the issue of Defendant's financial disclosures and assets

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

**Restitution**

Defendant understands and agrees that the total amount of any monetary judgment that the court orders Defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, Defendant may be resentenced to any sentence which might have originally been imposed if the court determines that Defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, Defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613 and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt Defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset Defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F) Defendant understands and agrees that until a fine or restitution order is paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), Defendant shall notify the court and the U.S. Attorney's Office immediately of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

David McDonald
Re: Nathan Wheeler Plea Letter
Page 7
April 10, 2018

_____

**As to Count 1:**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees and admits that the following are victims of his scheme to defraud: D.K., C.L., M.L., C.L., A.L., J.B. and J.B. (husband and wife), M.M. and S. M. (husband and wife), and R.G. Defendant knows the identity of these individuals. Defendant agrees and understands that restitution may be as high as $4,500,000.

**As to Count 2:**

Pursuant to 18 U.S.C. § 3663, Defendant agrees to pay the IRS restitution in an amount to be determined by the court. Defendant agrees to pay restitution according to the payment schedule ordered by the court in any restitution order entered pursuant to this plea agreement.

Except as set forth herein, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from Defendant for the time periods covered by this agreement or any other time period. Defendant further agrees:

      a.      to meet with the IRS to determine his legal obligation to file tax returns and pay taxes and to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution, including IRS Form 8821, "Tax Information Authorization;"

      b.      to not file any claim for refund of income taxes or interest represented by any amount of restitution paid pursuant to this agreement;

      c.      that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period;

      d.      that, unless the Director of the Administrative Office of the United States Courts directs Defendant otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address: United States District Court, District of Oregon, 1000 SW Third Avenue, Suite 740, Portland, Oregon, 97204;

      e.      to provide with each payment to the Clerk of the Court made pursuant to the District Court's restitution order:

            (1)      Defendant's name and Social Security number;
            (2)      the District Court docket number assigned to this case;

David McDonald
Re: Nathan Wheeler Plea Letter
Page 8
April 10, 2018

_____

(3)    the periods for which restitution has been ordered;
(4)    and a statement that the payment is being submitted pursuant to the
District Court's restitution order;

f.    to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the appropriate IRS office.

g.    to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address: IRS - RACS Attn.: Mail Stop 6261, Restitution, 333 W. Pershing Ave, Kansas City, MO 64108; and

h.    that Defendant is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

**16.    Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, Defendant knowingly and voluntarily forfeits all right, title, and interest in an amount to be determined by the court pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, which Defendant admits represents proceeds he personally obtained, directly or indirectly, as a result of Defendant's criminal activity set forth in Count 1 of the Indictment.

B.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of Defendant's sentence.

17.    **Tax Compliance**: Defendant agrees to a special condition of probation or supervised release, requiring him to file tax returns, as required, and to pay all taxes due and owing.

18.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If Defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

David McDonald
Re: Nathan Wheeler Plea Letter
Page 9
April 10, 2018

19.    **Deadline**: This plea offer expires if not accepted by April 17, 2018 at 5:00 p.m. Acceptance means the Defendant has signed this agreement and a change of plea hearing is scheduled on the court's docket.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

*/s/ Michelle Holman Kerin*
Michelle Holman Kerin
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/24/18
Date

Nathan Wheeler

I represent the Defendant as legal counsel. I have carefully reviewed every part of this agreement with Defendant. To my knowledge, Defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/24/18
Date

David McDonald